# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | |
|---|---|
| **AMY H. TANG,**            ) | |
|          ) | |
|        **Plaintiff,**     ) | |
|          ) | |
| **v.**                  ) | **Civil Action No. 2:20cv_575_** |
|          ) | |
| **EASTERN VIRGINIA MEDICAL SCHOOL,**   ) | |
|          ) | |

~~Defendant.~~

**)Defendants.**                   **)**

## AMENDED COMPLAINT

NOW COMES Plaintiff Amy H. Tang, pursuant to Federal Rule of Civil Procedure 15(a)(1), and for her Amended Complaint against the Defendant Eastern Virginia Medical School ("EVMS") alleges and says as follows:

### PARTIES

1.     Plaintiff is a citizen and resident of Virginia Beach, Virginia. She is employed as a Professor of Cancer Biology with Defendant.

2.     Defendant is a quasi-public entity for some purposes pursuant to a Virginia enabling statute but a private entity for other purposes with its principal office in Norfolk.

3.     Defendant has no Eleventh Amendment immunity. Its real and personal property is not the property of the Commonwealth of Virginia; it has the authority to issues bonds and indebtedness without the consent of the Commonwealth of Virginia, indebtedness that are all without recourse against the Commonwealth of Virginia; it has independent governance from the Commonwealth of Virginia; and, it has the ability to sue and to be sued independent of the Commonwealth of Virginia

4.     ~~3.~~At all times relevant herein, Defendant was an employer as defined in 42 U.S.C. §

EXHIBIT A

2000e.

## JURISDICTION AND VENUE

5.     1.This is an action for damages and equitable relief under Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq.

2.This is also an action for damages and equitable relief under, Civil Rights Act of 1866, 42 U.S.C. § 1981, the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 et seq., the Virginia Uniform Trade Secrets Act ("VUTSA"), Va. Code § 59.1-336 et seq. and for breach of contract under Virginia Law, as well

as for conspiracy under Va. Code. § 18.2-499 and Virginia common law.

6. ~~3.~~ This Court has subject matter jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

7. ~~4.~~ A substantial part of the events and omissions giving rise to Plaintiff's claim occurred in this district, and Defendant's unlawful employment practices as well as Defendant's violations of DTSA, VUTSA, and breaches of contract were committed in this district. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

8. ~~5.~~ Plaintiff filed a Charge of Discrimination against Defendant for the unlawful employment practices under Title VII set forth herein with the U.S. Equal Employment Opportunity Commission and did so within the required time limits specified by law and regulation. Plaintiff received a notice of right to sue from the EEOC and instituted this action within ninety days of her receipt of said notice. Plaintiff has satisfied all pre-filing requirements for this action pursuant to 42 U.S.C. § 2000e-5(e) and (f).

**FACTUAL ALLEGATIONS**

9. ~~6.~~ Plaintiff is a female Asian-American of Chinese national origin and ethnicity employed by EVMS as a Professor ~~of Microbiology and Molecular Cell Biology~~.

10. ~~7.~~ On October 10, 2018 Plaintiff provided an invention disclosure (the "10/18

Disclosure") to EVMS which contained trade secrets as defined by the federal Defend Trade Secrets Act ("DTFA") and the Virginia Uniform Trade Secrets Act ("VUTSA").

11. 8. At all times relevant to the facts and events related herein, Plaintiff owned and developed trade secrets, and specifically treatments related to the exploitation and use of Ethylenediaminetetraacedic Acid (EDTA) for anti-NFκB (a protein complex that controls transcription of DNA, cytokine production and cell survival), anti-inflammatory, and anti-septic

treatments. Plaintiff took measures to keep the information secret, including securing all data electronically and requiring all staff and researchers to leave data, in all forms, locked within Plaintiff's lab facilities and Plaintiff's password-protected computer systems.

12. 9.Plaintiff's trade secrets have independent economic value both actual and potential, not being generally known or readily ascertainable by another who can obtain economic value from the disclosure and use of the information. Plaintiff's trade secrets can lead to the use of EDTA for broad applications and new and inexpensive treatments against but potentially not limited to: acute antibiotics-resistant microbial infection, acute and chronic inflammation, wound healing and tissue injury post-trauma and surgery, and sepsis.

13. 10.By agreement with EVMS and by virtue of her creation of and ownership of trade secrets and intellectual property prior to and during her time as a professor and researcher at EVMS, Plaintiff owns all of the intellectual property as described above in ¶¶ 8 and 9.

14. 11.In October 2018, Plaintiff reported academic and research misconduct by a PhD candidate to EVMS. The misconduct continued in February 2019, and Plaintiff again reported it. The misconduct involved theft of Plaintiff's intellectual property, including intellectual property Plaintiff had brought with her to EVMS from prior research and as developed while at EVMS as described above in ¶¶ 8 and 9 as well as in whole or in part the trade secrets contained with the

10/18 Disclosure.

15. 12. Because the student was under the direct supervision and control of Plaintiff, and the student knew of both the existence and facts of the trade secrets, the student had a duty to maintain the secrecy and/or limit the use of the trade secrets.

16. 13. EVMS knew of the existence of the trade secrets and was under a duty to maintain the secrecy and/or limit the use of the trade secrets. At no time did Plaintiff provide

express or implied consent to the disclosure and/or misappropriation of her trade secrets.

17. ~~14.~~EVMS took no action to address and reverse the misconduct by the student. Instead, it protected the student and removed Plaintiff from the student's dissertation committee, all the while continuing to permit the student to misappropriate Plaintiff's intellectual property. It permitted the student to publish Plaintiff's trade secrets as a poster for a scientific meeting. Ultimately, it permitted the student to publish a dissertation misappropriating Plaintiff's intellectual property in August 2019 over Plaintiff's protest as well as allowing and condoning and/or assisting the student in filing for United States patent protection as well as patent protection in other countries.

18. ~~15.~~EVMS reprimanded Plaintiff for opposing the student's misconduct and theft of Plaintiff's intellectual property including her trade secrets.

19. ~~16.~~EVMS treats Caucasian, male, and non-Chinese national origin and ethnic faculty better than it treats Plaintiff and those similarly situated.

    a. A Caucasian, male faculty member engaged in sexual harassment against an Asian PhD student. EVMS protected the faculty member and covered up his misconduct. This same faculty member had at least two other sexual harassment complaints. The Asian PhD student was required to remain under the harasser's

supervision.

b. A Caucasian, male, and non-Chinese faculty member was abusive towards two, Caucasian, PhD students and other students. The PhD students were required to remain under the harasser's supervision of their doctoral work.

c. A Caucasian, male, and non-Chinese faculty member sexually harassed a postdoctoral fellow. The harasser was not disciplined.

d. A Caucasian, male, and non-Chinese faculty member abused two employees and was the subject of several complaints from faculty. The faculty member was not disciplined; indeed, he was later promoted.

20. 17.By contrast, Plaintiff engaged in no misconduct but was discriminatorily disciplined and had her intellectual property misappropriated. EVMS has not treated similarly situated Caucasian, male, and non-Chinese faculty members in the manner it treated Plaintiff.

21. 18.EVMS has a pattern and practice of discriminating against Asian and, Chinese national origin, and ethnic Chinese faculty and employees. In addition to Plaintiff:

a. In 2009, a Chinese-American faculty member pursued national origin discrimination charges with the EEOC because of EVMS's discrimination.

b. In 2011, EVMS was sued under Title VII by a Chinese-American research associate because of national origin discrimination.

c. In January 2019, a Chinese-American faculty member left EVMS because of severe and pervasive discrimination on the basis of race and national origin.

22. 19.Discrimination on the basis of race and national origin is part of EVMS's standard practices.

23. 20.EVMS's discriminatory conduct against Plaintiff has been continuous since

October 2018 and continues to the present. In May 2019, Plaintiff first complained to EVMS against the discriminatory conduct EVMS was subjecting her to, and has.. She continued to complain against EVMS's discriminatory conduct thereafter through the rest of 2019 and all of 2020.

24.    21.Following Plaintiff's first complaint of discrimination in May 2019, her subsequent complaints, and the filing of her EEOC Charge in March 2020, EVMS retaliated against her by denying her grievance of its reprimand of her in August 2019, giving her a negative performance evaluation, in August 2019 thereby reducing the salary she would

have otherwise received, denying her grievance of her performance evaluation in November 2020, and continuously steering students away from courses and mentorship.

25. 22. Plaintiff's objective measures of performance in teaching, research, and mentorship of students outstrip those of her peers.

26. 23. Plaintiff has been damaged as the result of EVMS's wrongful conduct and discrimination. She has suffered emotional pain and suffering, wounded feelings and mental anguish, loss of wages and benefits, future pecuniary loss, and other damages.

27. 24. Plaintiff has further been damaged as a result of EVMS's violations of DTSA, VUTSA, and breaches of contract. She has suffered pecuniary losses including the loss of not only her trade secrets but the loss of her ability to monetize her intellectual property due, in part, to her inability to seek patent protection due to 1) the public disclosure of her intellectual property and 2) the actions by EVMS that condoned and assisted the student in filing for patent rights in Plaintiff's intellectual property.

28. 25. EVMS acted in combination with the student to willingly and maliciously use improper means to acquire the knowledge of Plaintiff's intellectual property including her trade secrets through the student and to damage Plaintiff by acting in combination with the student to

have the student claim ownership of the intellectual property and trade secrets as well as seek

patent protection in the student's name of the trade secrets.

### COUNT ONE – DISPARATE TREATMENT ON THE BASIS OF RACE, SEX, AND/OR NATIONAL ORIGIN IN VIOLATION OF TITLE VII

29. 26. The allegations in paragraphs 1 through 2528 above are incorporated by

reference as if fully set forth herein.

30. 27. Plaintiff is a member of a protected class.

31. 28. Plaintiff met all legitimate expectations of EVMS in her performance.

32. 29.EVMS imposed adverse employment actions against Plaintiff based on her race, sex, and/or national origin.

33. 30.Similarly situated employees outside the protected classes were not treated similarly and were not subjected to the adverse employment actions to which EVMS subjected Plaintiff.

34. 31.Plaintiff suffered damages because of EVMS's discrimination.

35. 32.EVMS's conduct evinced a reckless and callous indifference to the federally protected rights of Plaintiff.

**COUNT TWO – DISPARATE TREATMENT ON THE BASIS OF RACE AND ETHNICITY IN VIOLATION OF 42 U.S.C. § 1981**

36. The allegations in paragraphs 1 through 35 above are incorporated by reference as if fully set forth herein.

37. Plaintiff is a member of a protected class.

38. Plaintiff met all legitimate expectations of EVMS in her performance.

39. EVMS imposed adverse employment actions against Plaintiff based on her race and ethnicity.

40.    Similarly situated employees outside the protected classes were not treated similarly and were not subjected to the adverse employment actions to which EVMS subjected Plaintiff.

41.    Plaintiff suffered damages because of EVMS's discrimination.

42.    EVMS's conduct evinced a reckless and callous indifference to the federally protected rights of Plaintiff.

**COUNT THREE – RETALIATION IN VIOLATION OF TITLE VII**

43.    33.The allegations in paragraphs 1 through 32 42 above are incorporated by reference as if fully set forth herein.

44.    34.Plaintiff engaged in protected activity by complaining to EVMS about its discriminatory treatment of her and by filing an EEOC charge.

45.    35.EVMS imposed adverse employment actions against Plaintiff in retaliation for her protected activity.

46.    36.Plaintiff suffered damages because of EVMS's retaliation.

47.    37.EVMS's conduct evinced a reckless and callous indifference to the federally protected rights of Plaintiff.

**COUNT THREE FOUR – PATTERN AND PRACTICE DISCRIMINATION RETALIATION IN VIOLATION OF TITLE VII 42 U.S.C. § 1981**

48.    38.The allegations in paragraphs 1 through 37 47 above are incorporated by reference as if fully set forth herein.

49.    Plaintiff engaged in protected activity by complaining to EVMS about its discriminatory treatment of her and by filing an EEOC charge.

50.    EVMS imposed adverse employment actions against Plaintiff in retaliation for her protected activity.

51.     Plaintiff suffered damages because of EVMS's retaliation.

52.     EVMS's conduct evinced a reckless and callous indifference to the federally protected rights of Plaintiff.

**COUNT FIVE – PATTERN AND PRACTICE DISCRIMINATION IN VIOLATION OF TITLE VII**

53.     The allegations in paragraphs 1 through 52 above are incorporated by reference as if fully set forth herein.

54.     ~~39.~~EVMS's pattern and practice was to discriminate on the basis of race and national origin in its treatment of Asian and Chinese national origin employees.  Its conduct over more

than ten years evidences a systematic policy of discrimination, and its failure to remedy it in the face of complaints demonstrates official complicity in the policy of discrimination.

55. 40.Plaintiff has been damaged by EVMS's pattern and practice of discrimination based on race and national origin.

**COUNT FOURSIX – PATTERN AND PRACTICE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

56. The allegations in paragraphs 1 through 55 above are incorporated by reference as if fully set forth herein.

57. EVMS's pattern and practice was to discriminate on the basis of race and ethnicity in its treatment of Asian and Chinese ethnicity employees. Its conduct over more than ten years evidences a systematic policy of discrimination, and its failure to remedy it in the face of complaints demonstrates official complicity in the policy of discrimination.

58. Plaintiff has been damaged by EVMS's pattern and practice of discrimination based on race and ethnicity.

59. The allegations in paragraphs xx above are incorporated by reference as if fully

set forth herein.

## COUNT SEVEN – VIOLATIONS OF THE
### DEFEND TRADE SECRETS ACT

60. 41.The allegations in paragraphs 1 through 4059 above are incorporated by reference as if fully set forth herein.

61. 42.EVMS acquired the trade secrets of Plaintiff without express or implied consent of Plaintiff.

62. 43.EVMS used improper means to acquire the trade secrets and at the time that it acquired the trade secrets knew or had reason to know that the knowledge of the trade secrets was:

> a.      derived through EVMS's relationship with Plaintiff and through the student who had used improper means to acquire and control the trade secrets;

> b.      acquired under circumstances giving rise to a duty of both the student and EVMS to maintain the secrecy of the trade secrets or limit the use of the trade secrets and/or;

> c.      derived from or through the student and faculty of EVMS who owed a duty to Plaintiff to maintain the secrecy of the trade secrets and/or limit the use of the trade secrets.

63. 44.Plaintiff has been damaged by EVMS's violations of the Defend Trade Secrets Act.

**COUNT ~~FIVE~~EIGHT – VIOLATIONS OF THE VIRGINIA UNIFORM TRADE SECRETS ACT**

64. ~~45.~~The allegations in paragraphs 1 through ~~44~~63 above are incorporated by reference as if fully set forth herein.

65. ~~46.~~EVMS acquired the trade secrets of Plaintiff while EVMS knew and/or had reason to know that the trade secrets were acquired by improper means.

66. ~~47.~~Plaintiff never provided express or implied consent for the disclosure, acquisition, or control of Plaintiff's trade secrets.

67. ~~48.~~EVMS used improper means to acquire the trade secrets and at the time that it acquired the trade secrets knew or had reason to know that the knowledge of the trade secrets was:

    a.    derived through EVMS's relationship with Plaintiff and through the student who had used improper means to acquire and control the trade secrets;

    b.    acquired under circumstances giving rise to a duty of both the student and EVMS to maintain the secrecy of the trade secrets or limit the use of the trade secrets and/or;

    c.    derived from or through the student and faculty of EVMS who owed a duty to Plaintiff to maintain the secrecy of the trade secrets and/or limit the use of the trade secrets.

68. ~~49.~~Plaintiff has been damaged by EVMS's violations of the Defend Trade Secrets Act.

**COUNT ~~SIX~~NINE – CONSPIRACY UNDER VA. CODE § 18.2-499**

69. ~~50.~~The allegations in paragraphs 1 through ~~49~~68 above are incorporated by reference as if fully set forth herein.

70. 51. EVMS acted in combination with the student for the purpose of willfully and/or maliciously injuring Plaintiff in her business and profession.

71. 52. The actions of EVMS resulted in damage to Plaintiff.

**COUNT ~~SEVEN~~TEN – CONSPIRACY IN
VIOLATION OF VIRGINIA COMMON LAW**

72.    ~~53.~~The allegations in paragraphs 1 through ~~52~~71 above are incorporated by reference as if fully set forth herein.

73.    ~~54.~~EVMS acted in combination with the student to accomplish the theft of Plaintiff's intellectual property and trade secrets by unlawful means.

74.    ~~55.~~The actions of EVMS resulted in damage to Plaintiff.

**COUNT ~~EIGHT~~ELEVEN – BREACH OF
CONTRACT**

75.    ~~56.~~The allegations in paragraphs 1 through ~~55~~74 above are incorporated by reference as if fully set forth herein.

76.    ~~57.~~EVMS entered into an agreement with Plaintiff wherein EVMS assigned to her any and all rights it had in her intellectual property and trade secrets.

77.    ~~58.~~EVMS breached that agreement by giving those rights to the student, and facilitating / allowing the student to pursue patent protection for the intellectual property and trade secrets that belong to Plaintiff.

78.    ~~59.~~The actions of EVMS resulted in damage to Plaintiff.

WHEREFORE, Plaintiff respectfully prays:

1.    For a declaration that EVMS has violated Title VII and 42 U.S.C. § 1981;

2.    For permanent injunctive relief prohibiting EVMS from violating Title VII and 42 U.S.C. § 1981 in the future regarding Plaintiff;

3.    That she be awarded back pay and benefits from EVMS under Title VII and 42 U.S.C. § 1981;
        vi.

4.     That she be awarded front pay from EVMS under Title VII and 42 U.S.C. § 1981;

5.     That she be awarded compensatory and punitive damages from EVMS under Title

VII and 42 U.S.C. § 1981;

6.    That she be awarded prejudgment interest on all damages under Title VII and 42 U.S.C. § 1981;

7.    That she recover attorney fees and costs from EVMS under Title VII and 42 U.S.C. § 1981;

8.    For a permanent injunction against EVMS under the Defend Trade Secrets Act and/or Virginia Uniform Trade Secrets Act preventing EVMS from taking any action in furtherance of the unlawful acquisition of Plaintiff's intellectual property and trade secrets;

9.    That the Court Order that EVMS take all actions necessary to recovery the rights and control of Plaintiff's intellectual property and trade secrets;

10.    That she be awarded damages including actual and exemplary as well as attorneys fees and costs for EVMS's violations of the Defend Trade Secrets Act;

11.    That she be awarded damages both actual and punitive as well as reasonable attorneys fees and costs for EVMS's violations of the Virginia Uniform Trade Secrets Act;

12.    That she be awarded damages both actual and trebled as well as attorneys fees and costs for EVMS's conspiracy under Va. Code § 18.2-499 and Virginia common law;

13.    That she be awarded damages for EVMS's breach of contract;

14.    For a trial by jury on all issues so triable; and,

15.    For such other and further relief as the Court may deem just and proper.

This the 18th3d day of NovemberFebruary, 20202021.

**AMY H. TANG**

/s/
Counsel

James R. Theuer (VSB #68712) JAMES R. THEUER, PLLC 555 E. Main St., Suite 1212 Norfolk,
VA 23510 Tel: (757) 446-8047 Fax: (757) 446-8048 jim@theuerlaw.com

Duncan G. Byers, Esq. (VSB #48146)
Andrew J. Dean, Esq. (VSB #88192)
PATTEN, WORNOM, HATTEN & DIAMONSTEIN, L.C.
12350 Jefferson Ave., Suite 300
Newport News, VA 23062
Telephone: (757) 223-4474
Facsimile: (757) 249-1627
dbyers@pwhd.com
adean@pwhd.com
joxley@pwhd.com

*Attorneys for Plaintiff Amy H. Tang*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3d day of February, 2021, I electronically filed the foregoing
with the Clerk of the Court using the CM/ECF system that will send notification of such filing to
the following:

> David C. Burton (VSB No. 33178)
> dburton@williamsmullen.com
> Yiorgos L. Koliopoulos (VSB No. 93608)
> gkoliopoulos@williamsmullen.com
> WILLIAMS MULLEN, P.C.
> 222 Central Park Avenue, Suite 1700
> Virginia Beach, VA 23462 Phone:
> (757) 499-8800 Fax: (757) 473-0395
> Counsel for Defendant

> _____ /s/ _____
> James R. Theuer (VSB #68712)
> Attorney for Plaintiff
> JAMES R. THEUER, PLLC

555 E. Main St., Suite 1212
Norfolk, VA 23510 Tel: (757) 446-8047 Fax: (757)
446-8048 jim@theuerlaw.com

Document comparison by Workshare 10.0 on Wednesday, February 3, 2021
4:17:22 PM

| Input: | |
|---|---|
| Document 1 ID | iManage://WM-IW-APP/IWOVRIC/43912220/1 |
| Description | #43912220v1<IWOVRIC> - 2020.11.18 (Dkt 01) Complaint |
| Document 2 ID | iManage://WM-IW-APP/IWOVRIC/44405604/1 |
| Description | #44405604v1<IWOVRIC> - 2021.02.03 (Doc. 9) Tang Amended Complaint |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 224 |
| Deletions | 89 |
| Moved from | 4 |
| Moved to | 4 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 321 |