IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| AMY H. TANG, )<br>　　　Plaintiff, )<br> )<br>　　　　v. )<br> )<br>EASTERN VIRGINIA )<br>MEDICAL SCHOOL, )<br>　　　Defendant. )<br> ) | Civil Action No. 2:20CV575 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion to Reconsider (ECF No. 56). The Motion to Reconsider has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are fully developed, and argument would not aid the Court in its decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will deny Plaintiff's Motion to Reconsider (ECF No. 56).

**I. BACKGROUND**

This action presents a lengthy and complex factual and procedural history that has been previously produced in the Court's opinions.[1] Only the facts pertinent to this specific motion are produced herein. Dr. Amy Tang ("Plaintiff" or "Dr. Tang") was an Assistant Professor in the Department of Microbiology and Molecular Cell Biology at Eastern Virginia Medical School ("Defendant" or "EVMS"). *Tang*, 2022 WL 981942, at *1 (E.D. Va. Mar. 30, 2022). Dr. Tang attempted to seek a patent that would cover a chemical called Ethylenediaminetetraacetic Acid ("EDTA"). *Id.* Dr. Tang brought claims against EVMS under the Defend Trade Secrets Act ("DTSA") and the Virginia Uniform Trade Secrets Act ("VUTSA"), arguing that she had an

---

[1] The Court incorporates by reference the facts set forth in the Memorandum Opinion issued on March 30, 2022. *Tang v. E. Virginia Med. Sch.*, No. 2:20CV575, 2022 WL 981942, at *1-3 (E.D. Va. Mar. 30, 2022).

ownership in the trade secrets and EVMS misappropriated her trade secret, EDTA, from October 2018 to August 2019. *Id.* at *9. The Court granted EVMS summary judgment and held that Plaintiff's Employment Agreement precludes her from asserting a claim of misappropriation of the trade secret against EVMS. *Id.* at *10. Specifically, the Court found that "Plaintiff's Employment Agreement and Participation/Confidential Non-Disclosure Agreement clearly assign "every trade secret, idea, know how, discovery, or invention (together hereinafter referred to as 'Invention')" to EVMS." *Id.* Further the Court noted that when Dr. Tang was "asked why she submitted the EDTA invention disclosure, [she] answered, 'to protect EVMS IP.'" *Id.* Thus, because "Plaintiff [could not] establish ownership or lawful possession of a trade secret as required for her claim of misappropriation" and "EVMS acquired the trade secret through express consent via Plaintiff's Employment Agreement and Participation/Confidential Non-Disclosure Agreement" the Court ruled that Plaintiff could not establish misappropriation and Defendant was entitled to summary judgment. *Id.* at *10-11.

Email exchanges are at the center of the dispute. On October 13, 2018, Plaintiff sent an email to Paul DiMarco, EVMS's Director of Technology Transfer, submitting her invention disclosure for patentability review. *Id.* at * 1. On October 16, 2018, Mr. DiMarco sent Plaintiff's invention disclosure to outside counsel to determine whether Plaintiff's purported invention was patentable. *Id.* Then, on November 25, 2019, EVMS officially assigned the disclosed invention to Plaintiff via the Invention Assignment Agreement. *Id.* Now, Plaintiff attempts to introduce a "new" piece of evidence. Specifically, Plaintiff puts forward a November 26, 2018, email exchange between her and Mr. DiMarco, in which reads in part:

> <u>Dr. Tang:</u>
>
> . . . Could you please generate an official letter to return the patent right back to me at EVMS?

<u>Mr. DiMarco:</u>

We are not asserting our assignment. That takes place later in the application process if we decide to proceed with an application. There are official forms generated by the attorneys and submitted to the PTO when that takes place. You are therefore free to pursue patentability and commercial opportunities under your own efforts.

<u>Dr. Tang:</u>

. . . I need a similar EVMS Official Letter as the one that you generated for SIAH application so that I can pursue this independently myself.

<u>Mr. DiMarco:</u>

Okay Amy – will do . . .

(Exhibit 1, 1-3, ECF No. 57-1.)

## II. PROCEDURAL HISTORY

Plaintiff filed her Complaint on November 18, 2020 (ECF No. 1). On January 20, 2021, Defendant filed a Motion to Dismiss (ECF No. 5) and an Answer and Affirmative Defenses (ECF No. 7). On February 3, 2021, Defendant filed an Amended Complaint (ECF No. 9) and a Brief in Opposition to Motion to Dismiss (ECF No. 10). On February 16, 2021, the Court denied the Motion to Dismiss (ECF No. 5) as moot because Plaintiff had filed an Amended Complaint. The Court directed the Defendant to file a response to Plaintiff's Amended Complaint. On February 19, 2021, Defendant filed a Motion to Dismiss (ECF No. 13) and an Answer and Affirmative Defenses to the Amended Complaint (ECF No. 15). On July 7, 2021, Defendant filed a Motion for Summary Judgment and a Memorandum in Support (ECF Nos. 31, 32). On July 12, 2021, the Court granted Defendant's Motion to Dismiss as to Counts One, Five, and Six, denied the Motion as to Counts Three, Four, Seven, Eight, Nine, Ten, and Eleven, and granted in part and denied in part as to Count Two (ECF Nos. 33, 34).

On March 4, 2022, Plaintiff filed a Motion for Substitution of Counsel (ECF No. 45). On March 30, 2022, the Court granted Defendant's Motion for Summary Judgment on all counts (ECF Nos. 46, 47). On April 14, 2022, the Court granted Plaintiff's Motion for Substitution of Counsel, substituting in Joshua A. Harman, Esq., and the law firm of Merchant & Gould. (ECF No. 52). On April 27, 2022, the Plaintiff filed her Motion for Reconsideration (ECF No. 56), asking the Court's to reconsider its grant of summary judgment for Defendant. On April 29, 2022, the Plaintiff filed her Notice of Appeal as to the Court's orders on the Motion to Dismiss and the Motion for Summary Judgment. (ECF No. 58.) On May 5, 2022, Defendant filed its Response in Opposition to the Motion for Reconsideration (ECF No. 62), and on May 11, 2022, Plaintiff filed her Reply (ECF No. 64).

### III. LEGAL STANDARD

Rule 59(e) allows a party to ask a court to "alter or amend a judgment" no later than 28 days after the entry of such judgment. Fed. R. Civ. Proc. 59(e). The Fourth Circuit recognizes three grounds by which alteration of a previous judgment is permissible: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). However, Rule 59(e) cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment," nor can it be used to advance "a case under a novel legal theory that the party had the ability to address in the first instance." *Id*. Relevant to the issue at hand, Rule 59(e) cannot be employed to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995). If a party attempts to rely on "newly discovered evidence in its Rule 59(e) motion, the party 'must produce a legitimate justification for not presenting the evidence during the earlier proceeding.'"

4

*Pac. Ins. Co.*, 148 F.3d at 403 (quoting *Small v. Hunt*, 98 F.2d 789, 798 (4th Cir. 1996)). "Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.*

### IV. ANALYSIS

Plaintiff contends that there was "[e]vidence that was not previously presented on summary judgment by a party's former counsel" and that evidence "constitute[s] new evidence for purposes of a motion for reconsideration under Rule 59(e)." (Br. Supp. Mot. 3, ECF No. 57.) Namely, Plaintiff contends that a portion of the email correspondence between Plaintiff and Paul DiMarco, the Director of Technology Transfer for EVMS, was not considered on summary judgment. (*Id.* 3-4.)

Plaintiff asserts that the exchange demonstrates that Plaintiff had Defendant's "express written confirmation of the assignment and relinquishment of rights one year earlier." (*Id.* 5.) In the alternative, Plaintiff argues that the exchange means that "a genuine issue of material fact remains with respect to Professor Tang's assignment of the EDTA trade secret." (*Id.* 8.) As for justification for not presenting the evidence during the summary judgment briefings, Plaintiff simply states that Plaintiff's previous counsel "inexplicably did not include the entirety of Professor Tang's correspondence with Mr. DiMarco as part of Professor Tang's summary judgment opposition." (*Id.* 10.) Plaintiff contends that in light of the correspondence, "a reasonable jury could determine that EVMS had relinquished its assignment rights and that Professor Tang owned the EDTA trade secret and could therefore succeed on her misappropriation claims." (Reply 2, ECF No. 64.)

On the other hand, Defendant states that the email correspondence is not "new evidence" because the Dr. Tang had access to the email thread well before the entry of summary judgment. (Br. Opp'n Mot. 4-5, ECF No. 62.) Specifically, Defendant notes that "EVMS produced to Dr.

Tang the DiMarco/Wiley Email Thread in discovery," "Dr. Tang also produced to EVMS a copy of the DiMarco/Wiley email thread," and "Dr. Tang was specifically shown and examined on a copy of the DiMarco/Wiley Email Thread during her [ ] deposition." (*Id.*)  Further, Defendant contends that the email exchange does not create a genuine issue of material fact because EVMS could not have assigned its trade secret rights "given the unambiguous language of both [the] Employment Agreement and the Invention Assignment Agreement." (*Id.* 9.)  Finally, Defendant claims that, even if the email exchange constituted an assignment, "no part of it shows that the purported trade secret was misappropriated." (*Id.*)

    The Court agrees with the Defendant.  The record indicates that Plaintiff had ample access to the entirety of the DiMaro/Wiley Email Thread, of which the email exchange at issue was a part.  Not only did Defendant produce the email thread to Plaintiff during discovery, Plaintiff also produced the email thread to Defendant during discovery, and Dr. Tang was examined on the email thread during a deposition.  (*See* Mem. Supp. Mot. 5 n. 2; Exhibit 3, ECF No. 62-3; Exhibit 4, ECF No. 62-4; Exhibit 5, ECF No. 62-5.)  These events occurred well before Defendant moved for summary judgment, and Plaintiff had ample time and opportunity to present the evidence to the Court if she and her attorneys thought it appropriate to do so.  Counsel face a variety of factors that they weigh when drafting the arguments in their pleadings, including page limits, counterarguments, the veracity of evidence, limited time, the persuasiveness of the arguments, and other factors.  The Court does not delve into the strategy decisions of counsel and refuses to second guess the decision not to highlight the specific email correspondence when counsel was in possession and aware of such exchange.

    Plaintiff relies on *Zinkand v. Brown* as authority for being able to bring forth now evidence that was previously in her possession but that her prior attorney chose not to argue.  478 F.3d 634 (4th Cir. 2007).  There, the plaintiff brought a Section 1983 action against a police officer for an

excessive use of force. *Id.* at 636. The plaintiff's previous counsel chose not to oppose defendant's motion for summary judgment, and the court granted the motion, which ended plaintiff's case. *Id.* The plaintiff retained new counsel, who submitted new evidence of plaintiff's injuries on reconsideration, and the district court considered this new evidence and determined that it created a genuine dispute of material fact. *Id.* at 637. Plaintiff argues that *Zinkand* is analogous to the case at hand. (Br. Supp. Mot. 11.)

However, Defendant correctly notes crucial differences between the two situations. First, the defendant in *Zinkand* did not oppose the reconsideration of the evidence, as Defendant EVMS does here. Second and more importantly, the attorney in *Zinkand* "filed no opposition to defendants' motion for summary judgment" and "apparently had simply refused to go forward with Zinkand's case." *Zinkand*, 478 F.3d at 637. In this case, Plaintiff's previous counsel readily opposed summary judgment and likely presented the arguments he saw most persuasive in defeating summary judgment, which did not include the email exchange Plaintiff now brings forward. At this stage, Plaintiff is seeking to do what is explicitly prohibited under Rule 59: "raise arguments which could have been raised prior to the issuance of the judgment" and advance "a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403.

The record shows and Plaintiff does not dispute that she had ample access to the email correspondence during the summary judgment filings. (Br. Opp'n Mot. 4 (internal citations omitted) (noting how both Plaintiff and Defendant turned over the email threads during discovery and that Plaintiff was examined on the email thread during a deposition).) Given the Plaintiff's inability to provide any reason why the evidence was not presented and argued in Plaintiff's opposition to summary judgment, the Court finds that the Plaintiff fails to "produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Pac. Ins. Co.*, 148

F.3d at 403 (internal citations omitted). Thus, the Court refuses to allow the Plaintiff to present new evidence in favor of a novel legal theory that she had the ability to assert on summary judgment, but chose not to. *See Snyder v. Greenberg Traurig, LLP*, No. 1:08-CV-1270 GBL, 2010 WL 9009363 (E.D. Va. Jan. 11, 2010), *aff'd*, 385 F. App'x 297 (4th Cir. 2010) ("A Rule 59(e) motion is not a vehicle for a party to raise arguments or legal theories that the party could have, or actually did, assert previously. In short, a Rule 59(e) motion should be denied where the party "seeks only reconsideration of the legal issue, or asks the court to 'change its mind.'") (internal citations omitted).

## V. CONCLUSION

For the reasons detailed above, the Court will deny Plaintiff's Motion to Reconsider (ECF No. 56).

An appropriate Order shall issue.

/s/ *[signature]*
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: November 14, 2022